UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DANIEL W. CRANDALL, | Case No. 1:10-CV-128-MHW |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| SEAGATE TECHNOLOGY, BEST BUY CO., INC., SEAGATE TECHNOLOGY (THAILAND), LTD, | |
| Defendants. | |

Currently pending before the Court are Plaintiff's Motion to Reconsider the February 9, 2011 Judgment for Best Buy (Dkt. 94), filed March 7, 2011 and Defendant Best Buy's Motion for Attorney Fees (Dkt. 92), filed February 22, 2011.

## BACKGROUND

Plaintiff Daniel D. Crandall ("Plaintiff") filed this lawsuit on March 9, 2010 alleging claims of negligence, strict products liability, and breach of warranty for the failure of the 7200.11 hard drives manufactured by Defendant Seagate Technology and Seagate Technology Thailand Ltd. ("Seagate Thailand") and purchased at Defendant Best Buy's store.

On January 25, 2011, this Court entered an order finding in favor Defendant Best Buy on all of Plaintiff's claims. Judgment was entered in favor of Best Buy on February

**Memorandum Decision and Order - 1**

9, 2011. The Court found that Plaintiff's claim under the Idaho Products Liability Reform Act failed because Best Buy was exempt under the "seller's exemption" found at I.C. § 6-1407(1). The Court also found that none of the exceptions found at I.C. § 6-1407(4) apply the seller's exemption. The Court also found that the negligence claim failed because all of the damages claimed by Plaintiff were economic loss which is not recoverable in negligence. Lastly, the Court found that no warranties had been breached. As for the implied warranty of merchantability, the Court found that the hard drives were not defective at the time they were delivered and therefore there could be no claim for breach of the implied warranty of merchantability. Next, with respect to the implied warranty of fitness for a particular purpose, the Court found that this implied warranty was never created because the Plaintiff never relied on any representation made by any employee of Best Buy.

## DISCUSSION

**1.**     **Plaintiff's Motion for Reconsideration**

While Plaintiff does not state what rule he moves for reconsideration under, because he moves for reconsideration prior to a trial taking place, the appropriate avenues for reconsideration are Rules 59(e) or 60(b). *See School Dist. No. 1J, Multnomah County, OR v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust; or (3) if there is an intervening change in controlling law." *Id*. at 1263. "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; (6) extraordinary circumstances which would justify relief." *Id*. at 1264 (internal quotations omitted). These rules offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted).

Plaintiff's motion for reconsideration most likely falls within the realm of Rule 59(e) as Plaintiff makes arguments regarding new evidence and an expanded factual record and also argues that reconsideration is necessary to correct clear error and prevent manifest injustice. The Court will summarize and address his arguments.

### A. New Evidence/Expanded Factual Record

Plaintiff makes several arguments regarding new evidence and an expanded factual record that he believes would justify reconsideration of the Court's January 25, 2011 Memorandum Decision and Order ("Order"). The most critical piece of information that he argues should reverse the Court's ruling is that in response to a discovery request, co-Defendant Seagate Technology[1] *denied* that it "did not promptly notify Best Buy Co, Inc. at any time in writing to disclose a firmware defect or safety issue as respect Seagate

---

[1] On March 14, 2011, Crandall and Seagate filed a stipulation of dismissal. (Dkt. 95)

**Memorandum Decision and Order - 3**

hard disk drives sold by them" (Crandall Aff, Ex. 1, Dkt. 94-5, p. 16.). Plaintiff argues, "[i]n other words, Seagate admits giving Best Buy warning of a defect or safety issue involving the hard disk drives sold by Best Buy." (Pl's Mem. Dkt. 94-1, at 2).

Plaintiff also cites to reports from LWG Consulting as evidence that the hard disk drives failed due to defective hardware. Plaintiff also references the expert report of Dr. Andrew D. Hospodor, dated December 15, 2010. Lastly, the other "new" evidence provided by Plaintiff is a print out of reviews of the Seagate 1tb internal hard disk drive from Best Buy's website. (Crandall Aff., Ex. 1, Dkt. 94-3.) Plaintiff contends that in his earlier filings, he "inadvertently printed only 4 of 83 reviews" for his exhibit and therefore, the record is now expanded and complete. (Crandall Aff., Dkt. 94-2.)

A Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) The failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence." *School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). To prevail on a Rule 59(e) motion because of newly discovered evidence, the movant must show the evidence (1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case.

*Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir. 1987).

First off, the Court notes that much of the "newly discovered evidence" cited by Plaintiff does not fall within the scope of Rule 59(e)'s purpose. As stated above, newly discovered evidence does not include evidence that could have been filed earlier.

The reviews from Best Buy's website could have been provided earlier in this case and indeed, some of them were. Plaintiff's "inadvertent" printing of only four of the reviews does not rise to the level that warrants an extraordinary remedy under Rule 59(e). Further, as the Court noted in its earlier decision, even if Best Buy was aware "of the various complaints and articles on the internet, they do not establish the existence of a defect and Best Buy could not be said to have reason to know of such." (Mem. Dec. & Order, Dkt. 87, p. 7.)

Similarly, regarding the expert report, Plaintiff has not given a reason why this was not provided earlier. The report is dated December 15, 2010. While that date was after briefing had completed on the motions pending at that time, it was prior to the hearing that took place on January 19, 2011. Plaintiff could have moved for the admission of this report or filed an addendum to his briefing. The late filing of documents is not "newly discovered evidence." *See School Dist. No. 1J*, 5 F.3d at 1262. Further, Plaintiff does not set forth how this evidence is relevant other than it "confirms the existence of the manufacturer's firmware defect." (Pl's Mem., Dkt. 94-1, at 3). Again, this does not show that Best Buy had "knowledge or reason to know of the defect in the product." *See* I.C.

**Memorandum Decision and Order - 5**

§ 6-1407(1). Accordingly, it would not have a bearing on the Court's decision and is not of the magnitude that would warrant an extraordinary remedy.

Lastly is the matter of Seagate Technology's response to Plaintiff's Request for Admission No. 156 which states: "Please admit that Seagate Technology did not promptly notify Best Buy Co., Inc. at any time in writing to disclose a firmware defect or safety issue as respects Seagate hard disk drives sold by them." Seagate denied this request for admission. By denying the request for an admission, Plaintiff seeks to twist this "denial" into an "admission" that Seagate gave Best Buy warnings of a defect in the hard disk drives and this creates a genuine issue of material fact and impeaches a statement by Best Buy's counsel that Best Buy did not know of any alleged defect in Seagate's products. Seagate's denial that it "did not promptly notify Best Buy .. . [of] a firmware defect or safety issue [with respect to the Seagate hard drives]" is not an admission that it *did* promptly notify Best Buy of a defect or safety issue. A denial of an ambiguous request for admission by a co-defendant is not the type of "new" evidence that warrants the use of the "extraordinary remedy" made available under Rule 59(e). *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**B.     Other Arguments**

Plaintiff attempts to reargue the issues previously addressed by the Court in its earlier Order (Dkt. 87), including rearguing the economic loss rule in a negligence action, the implied warranty of merchantability, the implied warranty of fitness for a particular

purpose, the legislative intent behind I.C. 6-1407(1), and exceptions for seller's exemption to liability. Plaintiff also requests that the Court adopt Restatement (3d) of the Law Torts Products Liability and to adopt the tenets and reasoning of the Foreign Manufacturers Legal Accountability Act of 2010. Plaintiff's arguments essentially restate his prior written submission as well as arguments made at the hearing on the motions, that were already ruled on by this Court in its Order. Rule 59(e) may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)). This is precisely what Plaintiff seeks to do here. He is raising the same issues on "reconsideration" that he raised initially. Additionally, to extent any "new" arguments are raised, a Rule 59(e) "motion may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff reiterates the same arguments previously made when it comes to the seller's exemption, the economic loss rule and the implied warranties.[2] This is not what Rule 59(e) was

---

[2] With respect to the seller's exemption, Plaintiff again argues that Defendant Seagate Technology (Thailand) is "not subject to service of process under the laws of the claimant's domicile" as set forth in I.C. § 6-1407(1). Plaintiff also again argues that he suffered property damage as a result of the hard disk drive malfunction and his negligence claim is not barred by the economic loss recovery rule. Additionally, he argues for the second time that the hard disk drives were defective at the time of manufacture and therefore the implied warranty of merchantability has been breached and that the implied warranty of fitness for a particular purpose was created and there was reliance upon the statements of the Best Buy employee. These are all arguments that Plaintiff previously made in his response to Best Buy's motion for summary judgment. (*See* Dkt. 52).

**Memorandum Decision and Order - 7**

designed for.  Clearly, Plaintiff disagrees with the Court's earlier ruling.  However, the Court does not find merit in Plaintiff's contentions.  Rule 59(e) does not require the Court to address these arguments a second time unless clear error or manifest injustice has been shown.  Plaintiff has not shown either.

As the Court does not find that the alleged new" evidence cited by Plaintiff would change the outcome of its earlier decision and Plaintiff has not shown clear error or manifest injustice but rather reargued his position, the Court will deny Plaintiff's motion for reconsideration.

**2.      Defendant's Motion for Attorney Fees**

Defendant Best Buy moves for attorney fees pursuant to I.C. §§ 12-120, 12-121, 12-123, Fed. R. Civ. P. 54 and Dist. Idaho Loc. Civ. R. 54.1 and 54.2 in the amount of $36,538.50.

**A.      Idaho Code § 12-120(3)**

Best Buy moves for attorney fees under I.C. § 12-120(3).  I.C. § 12-120(3) states:

> In any civil action to recover on an open account, account stated, note bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> The term commercial transaction is defined to mean all transactions exception transaction for personal or household purposes . . .

Best Buy argues that this case involves a commercial transaction and as such, they

are entitled to attorney fees under this statute. An award of attorney fees is not warranted every time a commercial transaction is remotely connected with the case, rather the test is whether the commercial transaction "comprises the gravamen of the lawsuit." *Brooks v. Gigray Ranches, Inc.*, 910 P.2d 744, 750 (Idaho 1996). This requires that there be a commercial transaction that is integral to the claim and the commercial transaction is the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001).

When an action sounds in tort, I.C. § 12-120(3) is not applicable. *Rockefeller v. Grabow*, 39 P.3d 577, 584 (Idaho 2001). In that case, the Idaho Supreme Court held that a claim for breach of a fiduciary duty, even though the it arose out of a commercial transaction, sounded in tort and therefore an award of attorney fees under I.C. § 12-120(3) would not be proper. *Id*. The court similarly held in another case that the fact that a "conversion claim arose out of a commercial transaction is not sufficient to apply I.C. § 12-120(3). . .the basis of [the] claim was the tort of conversion." *Brooks v. Gigray Ranches, Inc.*, 910 P.2d 744, 751 (Idaho 1996).

The Idaho Supreme Court denied attorney fees under this statute when plaintiffs had brought a products liability claim against the manufacturer of electrical components in their homes holding that although the plaintiffs had based their claims on two contractual theories (breach of express and implied warranties), "the main thrust of their suit clearly sounded in tort and the two other claims brought against [the defendant]

**Memorandum Decision and Order - 9**

(negligence and strict liability) reflect this focus." *Sammis v. Magnetek, Inc.*, 941 P.2d 314, 326 (Idaho 1997).

The Court will deny attorney fees under I.C. § 12-120(3). The Court finds this case to be analogous to *Sammis*, even though there was a purchase of a product, i.e., the hard drives, the thrust of Plaintiff's lawsuit sounds in tort, as evidenced by his claims for strict products liability and negligence. *See id*. Although Plaintiff has brought claims for breach of warranty, I.C. § 12-120(3) is not implicated every time a commercial transaction is "remotely connected with the case." *See Brooks v. Gigray Ranches, Inc.*, 910 P.2d 744, 750 (Idaho 1996). As the Court finds this case sounds in tort, attorney fees will be denied under I.C. § 12-120(3).

**B.    Idaho Code § 12-121**

Idaho Code § 12-121 provides, in part:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

Attorney fees are awarded to the prevailing party under I.C. § 12-121 only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 979 P.2d 619, 624 (1999). Although the Court granted summary judgment in favor of Defendant Best Buy, the Court does not find that the action was brought frivolously, unreasonably or without foundation. Plaintiff believed he

had a strong case and while the Court found that his claims failed as a matter of law, attorney fees are not warranted under this statute.[3]

## ORDER

**IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Reconsideration (Dkt. 94), filed March 7, 2011 be **DENIED**; and

2) Defendant Best Buy's Motion for Attorney Fees (Dkt. 92), filed February 22, 2011, be **DENIED**.

DATED: June 30, 2011

Honorable Mikel H. Williams
United States Magistrate Judge

---

[3] Plaintiff also cites to I.C. § 12-123 which allows for sanctions for frivolous conduct. The statute defines "frivolous conduct" as conduct that ". . . serves merely to harass or maliciously injure another party to the civil action" or ". . . is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of the existing law." As stated previously, the Court does not find that Plaintiff engaged in frivolous conduct.

**Memorandum Decision and Order - 11**